FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
11/30/2023 4:00 PM
JAMIE SMITH
DISTRICT CLERK
23DCCV1817

CAUSE NO. _____

| | | |
|---|---|---|
| **KASAUNDRA GRANGER INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF EDDIE R. WHITE** *Plaintiff,* | § § § § § § | IN THE DISTRICT COURT OF |
| | § | JEFFERSON COUNTY, TEXAS |
| Vs. | § § | |
| **FREEDOM MORTGAGE CORPORATION** *Defendant.* | § § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND VERIFIED APPLICATION FOR TEMPORARY RESTRAINING ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Kasaundra Granger, Individually and on Behalf of The Estate of Eddie R. White and brings this action against Defendant, Freedom Mortgage Corporation ("Defendant"), and alleges, the following facts and causes of action:

### PARTIES

1.  Plaintiff, Kasaundra Granger, Individually and on Behalf of The Estate of Eddie R. White, is an individual residing in Jefferson County.

2.  Defendant, Freedom Mortgage Corporation, is a foreign corporation that may be served through its registered agent, C T Corporation System, 1999 BRYAN ST., STE. 900 DALLAS, TX 75201.

### DISCOVERY

3.  Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiff states that discovery is to be conducted under Rule 190.3, Level 2 Discovery.

## JURISDICTION AND VENUE

4. This Court has Jurisdiction over the subject matter and parties.

5. Venue is proper in Jefferson County because the case concerns real property located in Jefferson County and the actions and omissions occurred in Jefferson County as well.

## FACTS

6. Plaintiff, Kasaundra Granger, is the sole heir of Eddie R. White, her father, who died on or about October 17, 2021, without a will. At the time of his death, the deceased was the owner of the Subject Property, which is located at **5248 7th St., Port Arthur, TX 77642.** The legal description is as follows:

> **LOT NUMBER SIX (6), IN BLOCK NUMBER SIX (6), OF LAKEVIEW ADDITION THE CITY OF PORT ARTHUR, JEFFERSON COUNTY, TEXAS; AS THE SAME APPEARS UPON THE MAP OR PLAT THEREOF, ON FILE AND OF RECORD IN VOLUME 5, PAGE 94, MAP RECORDS OF JEFFERSON COUNTY, TEXAS.**

7. Upon the death of Mr. White, his daughter, the Plaintiff became the owner of the property through intestate succession. There has been no administration of his estate to date, however.

8. Defendant, Freedom Mortgage Corporation, is a Financial Institution, doing business in Texas, who claims to be the current Mortgagee, seeking foreclosure of a Deed of Trust dated July 12, 2017, filed in the Jefferson County Real Property Records as instrument number 2017023322. (Exhibit A, *Notice of Substitute Trustee's Sale*).

9. The plaintiff, Ms. Granger, resides at the subject property, and the property is the homestead for the plaintiff and her children. Following the death of her father, she made many attempts to communicate with the Defendant to obtain information about the mortgage, the

Copy from re:SearchTX

balance owed, and the possibility of taking over payments. However, Freedom Mortgage Corporation refused to communicate with her or even provide a payoff statement.

10. On or about November 2, 2023, the Defendant filed the attached Notice of Substitute Trustee Sale. (Exhibit A) It is important to note that, prior to sending this notice, the Defendant did not provide a notice of default, and did not give the Plaintiff an opportunity to cure before scheduling the subject property for a trustee sale. *See attached Declaration.*

11. Plaintiff files this Application in this court seeking a Temporary Restraining Order, enjoining Defendant from proceeding with said sale. The Plaintiff will suffer irreparable harm if the Defendant conducts the Foreclosure Sale on December 5, 2023 and the Plaintiff will have no adequate remedy at law, despite the fact that the sale would be wrongful for the reasons cited above. This is the first time that the Plaintiff has had to seek a temporary restraining order, and this application is not brought for delay but so that justice may be done. The Plaintiff intends to sell the subject property, and the defendant will be fully compensated to the extent that the defendant has a valid claim and provides an accurate payoff statement. The property will likely sell quickly, and the defendant will suffer no harm or prejudice by receiving a full payment on the loan plus interest at the time of sale.

### No Notice of Default/ No Notice of Acceleration

12. A mortgage servicer or holder of a debt must serve a debtor in default under a deed of trust with written notice by certified mail stating that the debtor is in default under the deed of trust and giving the debtor at least 20 days to cure the default before sending or filing a notice of sale. See Tex. Prop. Code § 51.002(d); see also *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890,893 (Tex. 1991). A proper notice of default must give the borrower notice that the alleged delinquency must be cured, or else the property will go to foreclosure. Prior to a foreclosure action,

the noteholder is also required to give the homeowner a clear and unequivocal acceleration notice. *Ogden v. Gilbraltar Sav. Ass'n*, 640 S.W.2d 232,233 (Tex. 1982) ("Effective acceleration requires two acts: notice of intent to accelerate and notice of acceleration.").

13. A debt holder's failure to send a notice to cure to the address in the debtor's file pursuant to Tex. Prop. Code Ann. § 51.002(d) defeats the effect of sending the notice of foreclosure under Tex. Prop. Code Ann. §51.002(b). *Mills v. Haggard*, 58 S.W.3d 164, 2001 Tex. App. LEXIS 4605 (Tex. App. Waco July 5, 2001, no pet.).

14. The Defendant did not provide the required notice of default to give the Plaintiff an opportunity to cure. Even if the Defendant had sent the statutorily required notice, pursuant to Section 51.002(d) (which the Defendant failed to do), the Defendant failed to send the Plaintiff a notice of the scheduled foreclosure sale.

15. Due to the dispute over the alleged default and the Defendant's failure to provide sufficient notice for the pending foreclosure, the Plaintiff files a declaratory judgment lawsuit and seeks injunctive relief to avoid irreparable harm.

## **Declaratory Judgment**

16. Pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code, Plaintiff respectfully requests that this Court issue a declaratory judgment specifying Plaintiff's and Defendant's rights and duties in connection with the Deed of Trust and the underlying Note.

17. Specifically, a controversy exists as to the balance and enforceability of the power of sale in the deed of trust. The factual basis of this dispute is described above.

18. Additionally, the Defendant did not follow the proper procedure pursuant to the Deed of Trust (and the Texas Property Code). Defendant's compliance (or lack thereof) will determine whether Defendant has the authority to foreclose at this time. As stated above, the

Defendant failed to mail Plaintiff the statutorily required notice of default before filing the notice of trustee.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER

19. Plaintiff hereby incorporates by reference and re-alleges all material allegations of facts set forth above as if fully set forth herein.

20. Pursuant to Rule 680 of the Texas Rules of Civil Procedure, Plaintiff hereby seeks immediate relief in the form of a temporary restraining order to preserve the status quo. Specifically, Plaintiff seeks a temporary restraining order and temporary injunction to prohibit the Defendant and/or any of its agents, employees or attorneys, servicing companies, or trustees, from foreclosing upon the property. A temporary restraining order is sought to enjoin the Defendant for a period of at least 14 days until a temporary injunction hearing is held by this court concerning whether Plaintiff has a probable right of recovery for their various claims and causes of action pled herein. There presently exists an imminent threat of irreparable harm to Plaintiff in the form of the Defendant and their agents' stated intent to complete a foreclosure sale and divest Plaintiff of their ownership interest in the property unless the court immediately restraints such acts or conduct as requested herein.

21. Plaintiff's application for a Temporary Restraining Order is authorized by Texas Civil Practice and Remedies Code §65.011 because irreparable injury to real property is threatened, irrespective of any remedy at law.

22. Moreover, after issuance of a temporary restraining order, and upon notice and a hearing as required by law, Plaintiff further seeks entry of the temporary injunction to maintain the status quo and prohibit the Defendant and their agents from foreclosing or attempting to

foreclose on Plaintiff's property until the merits of the various claims and causes of actions as pled herein can be fairly and fully adjudicated.

## CONDITIONS PRECEDENT

23. Plaintiff asserts that all conditions precedent have occurred or been waived.

## PRAYER

24. WHEREFORE, Plaintiff prays that Defendant be cited to appear and answer, andthe following order be entered:

   a. declaratory judgment that declares that Defendant does not have the power of sale pursuant to the Deed of Trust.
   b. A declaration setting forth the amount, if any, that the Plaintiff owes pursuant to the note.
   c. A temporary and permanent injunction enjoining Defendant, or anyone acting on Defendant's behalf from: (1) entering, taking possession of the Property or otherwise interfering with Plaintiff's right to the quietenjoyment and use of the Property; (2) proceeding with or attempting to sell or foreclose upon the Property; (3) attempting to purchase, transfer, assign or collect on the Mortgage; and (4) charging Plaintiff's account for attorney's fees in connection with this action.
   d. All the other relief to which Plaintiff is entitled.

Respectfully submitted,

MEDEARIS LAW FIRM, PLLC

By: /s/ David Medearis
DAVID M. MEDEARIS, TBA #24041465
dmedearis@medearislaw.com
JARED DAVIDSON, TBA #24137566
jdavidson@medearislaw.com
1560 W Bay Area Blvd., Suite 304
Friendswood Texas 77546
dmedearis@medearislaw.com
Tel 281-954-6270
Fax 281-954-6280
**ATTORNEYS FOR PLAINTIFF,
KASAUNDRA GRANGER**